# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| HELEN J. RAUB, | ) | Case No. 5:19CV02449 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| MERCY MEDICAL CENTER, INC., | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |

This matter is scheduled to come before the Court for a bench trial on February 28, 2022. The Court previously denied the parties' competing motions for summary judgment without opinion (Doc. 55). The parties have requested further guidance regarding the matters remaining for trial.

The Court declines at this time to make formal findings of fact, as such findings will issue following the bench trial. Generally, Plaintiff Helen Raub asserts that Defendant Mercy Medical Center, Inc. ("Mercy") improperly terminated her from her position as an Assistant Chief Nursing Officer ("ACNO") and privacy officer following a period of medical leave. Ms. Raub had fractured her humerus during a fall, which left her immobilized for a time and required her to wear a sling, take pain medications, and attend physical therapy multiple times a week.

Mercy granted Ms. Raub FMLA leave upon Ms. Raub's request. Following the twelve-week FMLA period, Mercy voluntarily extended Ms. Raub's leave for four additional weeks. Throughout the FMLA and extended leave, Mercy continued to pay Ms. Raub a disability income

1

benefit that amounted to approximately half her salary, and also continued to provide all benefits. During Ms. Raub's leave of absence, Chief Nursing Officer Barbara Yingling covered Raub's ACNO duties, and another Mercy employee covered Raub's privacy officer duties.

Following the FMLA period and four-week extension of leave, Raub's physician released her to return to work for four hours a day for two weeks, six hours a day for the following two weeks, and eight hours a day thereafter. The physician's report did not specify whether Ms. Raub could ever work more than an eight-hour day.

Mercy claims that the ACNO job was an overtime exempt position that required Ms. Raub to be available to provide patient care services "24/7." When hired for the role, Ms. Raub was expected to work more than 40 hours a week, and it would not be unusual for her to work 10, 12, or 14-hour days.

Shortly after the physician's report issued with the above-specified return-to-work restrictions, Mercy notified Ms. Raub that it would post her position and accept applicants for the ACNO role. Indeed, Mercy posted the ACNO position, and hired 40-year-old Jason Mertz to replace Ms. Raub. Ms. Raub had been hired for the position at age 62.

Even after awarding the ACNO job to Mr. Mertz, Mercy continued to pay Ms. Raub disability income and benefits until after Ms. Raub had exhausted six months of leave. After six months of leave, Mercy terminated Ms. Raub. Mercy's applicable leave of absence policy included the following positions:

> If an employee applies for a personal leave after the 12 or 26-week period of FMLA leave, the Medical Center reserves the right to fill the employee's position immediately following the FMLA leave period.
>
> \*\*\*
>
> Any employee who is absent from work for more than six months (inclusive of time spent on FMLA leave) regardless of the reason,

2

> will be automatically discharged. Such discharged employees are welcome to reapply for employment when they are able and willing to return.

Ms. Raub's physician eventually approved her return to work without restriction approximately two months after Mercy terminated her employment, and about eight months after she requested and was granted leave. It appears that Ms. Raub did not apply for or express interest in openings at Mercy apart from the ACNO position either during her leave or following her termination.

In the present lawsuit, Ms. Raub asserts claims for disability discrimination under the ADA and Ohio Rev. Code §§ 4112.02(A) and 4112.99. She further asserts claims for age discrimination in violation of the AEDA and Ohio Rev. Code §§ 4112.02(A) and 4112.99. Ms. Raub does not assert a claim under the FMLA.

At this juncture, the Court has denied the parties' cross motions for summary judgment based on disputed issues of material fact, such that each of Plaintiff's claims and all elements thereof remain at issue for purposes of the impending bench trial. Neither party is precluded from presenting any claim or defense based on the Court's prior ruling.

In the interest of providing the parties with some guidance as they prepare for trial, the Court notes particular interest in the question of whether Ms. Raub requested an accommodation (i.e., a period of part-time or restricted hours upon her return to ACNO duties) that was objectively reasonable. The Court expects that, among various other things, the parties will want to address in detail: whether ACNO duties truly required 24/7 availability; whether Ms. Raub could adequately perform the ACNO duties during the period for which her hours were restricted per physician recommendation; whether Mercy would have suffered undue hardship and expense if Ms. Raub's requested accommodation had been granted; and whether Mercy engaged in an

3

interactive process to consider Ms. Raub's requested accommodation and the reasonableness thereof.

The parties may consider settling this matter prior to trial. If a settlement is reached, the parties are to notify the Court as soon as practicable.

**IT IS SO ORDERED.**

                                                          s/John R. Adams
                                                       JOHN R. ADAMS
                                                       UNITED STATES DISTRICT JUDGE

**DATED**: January 27, 2022